IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SONDRA DURHAM,                )
                              )
          Plaintiff,          )
                              )
     v.                       )          1:12CV957
                              )
ABSOLUTE COLLECTION SERVICES, )
                              )
          Defendant.          )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge sua sponte to address Plaintiff's failure to comply with court orders. For the reasons that follow, the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

BACKGROUND

This case began when Plaintiff (or someone using her name) filed a pro se Complaint (Docket Entry 2) and an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," which describes the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*[.]" (Docket Entry 2 at 1.) In addition, it purportedly asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., as well as various state-law claims. (See id. at 3-9.) The Court (per United States Magistrate Judge Joi E. Peake) granted the

IFP Application and ordered Plaintiff to "prepar[e] and deliver[] to the Clerk[] the correct summons for service on each defendant, including the correct address and the <u>name and title of the individual to be served on behalf of a corporation</u> . . . ." (Docket Entry 4 at 1 (emphasis added).) That Order (which the Court promptly mailed to Plaintiff) further warned that a "[f]ailure to prepare and deliver said summons within 15 days . . . shall result in this case being dismissed without further notice." (<u>Id.</u>; <u>see also</u> Docket Entry dated Aug. 29, 2012.) The summons form provided by (or in the name of) Plaintiff (apparently, given the date of its docketing, prior to her receipt of the foregoing Order)[1] lacked the name and title of an individual to receive service for Defendant. (<u>See</u> Docket Entry 5 at 1.)

The case was reassigned to the undersigned Magistrate Judge (Docket Entry dated Oct. 19, 2012), who took judicial notice that Defendant was a corporation, <u>see</u> http://wwww.secretary.state.nc.us/corporations/CSearch.aspx (search for "Absolute Collection Services" last performed June 1, 2013); <u>see also</u> <u>Ledford v. D.R. Horton, Inc.</u>, No. 3:09CV65, 2009 WL 2432631, at *3 (W.D.N.C. Aug. 6, 2009) (unpublished) (recognizing that courts may take judicial notice of public records, including specifically records of the North Carolina Secretary of State).

---

[1] The Court often receives completed summons forms along with the initial case-opening documents, such as complaints and pauper applications.

-2-

Additionally, the undersigned Magistrate Judge noticed that Plaintiff's IFP Application and Complaint appear to lack a traditional signature and, instead, appear to feature a mere printed version of Plaintiff's name in the signature block. (See Docket Entry 1 at 3; Docket Entry 2 at 9.)

Moreover, the undersigned Magistrate Judge determined that the printing on Plaintiff's IFP Application, the "signatures" on the IFP Application and Complaint, and/or the printing on the envelope used to convey those documents, all bear significant, distinctive similarities to printing and/or "signatures" on a number of other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare, e.g., Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1, with Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5; Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Thompson v. SCA Collections, No. 1:12CV955, Docket Entry 1 at 1, 3, Docket Entry 2-1 at 1, Docket Entry 4-1 at 1; Golden v. Absolute Collection

Servs., No. 1:12CV956, Docket Entry 1 at 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Servs., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 1 at 1, Docket Entry 2 at 9, Docket Entry 2-1 at 1; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1; and Durham v. National Credit Sys., No. 1:12CV1099, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

Further, a review of the complaints in the foregoing cases revealed a number of other unusual similarities both of substance and form, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "GENERAL ALLEGATIONS," "COUNT I," "COUNT II," "15 U.S.C 1681b," "COUNT III," "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX"; and 3) list on the signature page an e-mail address consisting of the respective plaintiff's first and last name (together as one term) appended to "_law@hotmail.com" (or, in one case, "_law@live.com"). (Compare Docket Entry 2, with Wiggins, No. 1:12CV451, Docket Entry 2;

-4-

Ferguson, No. 1:12CV493, Docket Entry 2; Golden, No. 1:12CV875, Docket Entry 2; Shamberger, No. 1:12CV876, Docket Entry 2; Thompson, No. 1:12CV955, Docket Entry 2; Golden, No. 1:12CV956, Docket Entry 2; Grant, No. 1:12CV958, Docket Entry 2; Ferguson, No. 1:12CV1023, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)[2]

Given the foregoing circumstances and the signature requirement imposed by Federal Rule of Civil Procedure 11(a), the undersigned Magistrate Judge set this case for a status conference and placed 13 other similar cases on for hearings/status conferences on the same calendar. (See Docket Entry 7.) Plaintiff did not appear. (See Docket Entry dated Nov. 26, 2012.) Indeed, only one of the plaintiffs from the other similar cases noticed for proceedings on that date appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to take such action), but did acknowledge that he had talked to

---

[2] In addition, one of the previously-cited cases materially differs from the ones cited here only in that it contains a section entitled "FACTUAL ALLEGATIONS" with less content than the "GENERAL ALLEGATIONS" section in the others and in that it lacks their "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX." (See Wiggins, No. 1:11CV1093, Docket Entry 2.) Another of the previously-cited cases mirrors the others cited here except that it sets forth some additional items under the "GENERAL ALLEGATIONS" heading. (See Golden, No. 1:12CV1097, Docket Entry 2.) Finally, yet another lawsuit (not listed above) matches the cases cited here except that it omits the sections entitled "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX" and appears to have a traditional signature. (See Covington v. Absolute Collection Serv., No. 1:12CV811, Docket Entry 2.)

-5-

someone he knew only as "Mussa" about improving his credit record. (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[3]

DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Plaintiff disobeyed the Court's Orders to submit a properly-completed summons and to appear at a status conference. These circumstances warrant dismissal under Federal Rule of Civil Procedure 41(b).

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff (or whoever filed this case in her name) bears sole responsibility for the instant non-compliance, the conduct (and inaction) at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving

---

[3] The Clerk maintains an audio-recording of these proceedings.

Defendant of the opportunity to defend against this apparent sham lawsuit while memories remained freshest and before risk of loss of pertinent documents grew), the record reflects a pattern of dilatory conduct by Plaintiff (or whoever filed this case in her name), and no other sanction appears feasible or sufficient.

As to that last point, the Court (per Magistrate Judge Peake) specifically warned Plaintiff that a failure to submit a timely, properly-completed summons could result in dismissal of this action without further notice. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.[4]

**IT IS THEREFORE RECOMMENDED** that this action be dismissed under Federal Rule of Civil Procedure 41(b).

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                              **United States Magistrate Judge**
June 4, 2013

---

[4] The fact that Plaintiff apparently submitted the defective summons before receiving that warning does not alter this conclusion because Plaintiff failed to take any action after the Court notified her that a summons for a corporation must include the name and title of an individual to receive service of process. Moreover, and most significantly, when the Court held a status conference to address, inter alia, Plaintiff's failure to provide a proper summons for Defendant, Plaintiff did not appear despite notice. The Court should not permit this litigation to linger under such circumstances.